EVERETT BOLTON AND ZONA BOLTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bolton v. Commissioner
Docket No. 3457-90.
United States Tax Court
T.C. Memo 1992-250; 1992 Tax Ct. Memo LEXIS 260; 63 T.C.M. (CCH) 2890; April 28, 1992, Filed *260 Decision will be entered for respondent. Everett Bolton and Zona Bolton, pro sese. Gary L. Bloom, for respondent. GOFFE
GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1982
$ 1,498
1987
21,922
The issue for decision is whether the doctrine of collateral estoppel precludes relitigation of petitioners' failure to elect out of the installment method for their sale of real property in 1982. We hold that this precise issue has been considered by this Court in , and petitioners are collaterally estopped from relitigating this matter. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable years 1982 and 1987, and Rule numbers refer to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Sallisaw, Oklahoma, at the time they filed their petition in this case. *261 In 1962, petitioners purchased real property (the property) in Sallisaw, Oklahoma. On November 15, 1982, they executed a warranty deed for the sale of the property. At the time of the sale, petitioners' cost basis in the property for computing gain or loss was $ 31,848.60. The total sales price of the property was $ 160,000. Upon execution of the deed the purchasers paid petitioners $ 25,000 in principal and $ 500 in interest. In addition, the purchasers gave petitioners a promissory note for $ 135,000 secured by a mortgage on the property. The promissory note provided for interest of 12 percent per year on $ 100,000, payable monthly. The note further provided for a $ 35,000 principal payment on January 3, 1983. The remainder of the principal plus any unpaid interest was due on November 15, 1987. On petitioners' 1982 income tax return, they reported the $ 500 interest payment as income but did not report any gain from the sale of the property. They did not elect to not treat the sale of the property on the installment method. On petitioners' 1983 income tax return, they reported sale of the property as a completed transaction. On Schedule D, Capital Gains and Losses, *262 attached to their 1983 income tax return, they reported $ 160,000 as the gross sales price, $ 31,848.60 as the basis, and $ 51,260.56 as the long-term capital gain. Due to petitioners' failure to elect not to report the sale of the property on the installment method, the Commissioner applied the installment method to the sale of the property. The Commissioner increased petitioners' 1982 taxable income by $ 8,000 and their 1987 taxable income by $ 80,000. Petitioners contend that they were not required to use the installment method and, therefore, they paid all the income tax due on the sale of the property in 1983. As a result of the Commissioner's adjustment to petitioners' 1987 taxable income for the sale of the property, $ 3,441 of the Social Security benefits received by petitioners was determined to be taxable as an automatic adjustment. OPINION Respondent, by amendment to her answer, contends that petitioners are collaterally estopped from arguing that they are not required to use the installment method for reporting the capital gain realized on the sale of the property. Respondent bears the burden of proof on this issue. Rule 142(a). Section 453 generally provides that *263 income from an installment sale is accounted for under the installment method. An installment sale is defined as the "disposition of property where at least 1 payment is to be received after the close of the taxable year in which the disposition occurs." Sec. 453(b)(1). Section 453(d)(1) further provides that the installment method will not apply if the taxpayer so elects. In order for a taxpayer to elect out of the installment method the taxpayer must make the election on or before the due date prescribed by law for filing the tax return for the year the property was sold. Sec. 453(d)(2); . Petitioners did not elect to have the sale treated other than as an installment sale. The issue in the instant case regarding petitioners' failure to elect out of the installment method was conclusively resolved in a previous case before this Court. See . That case involved the same parties, the same facts, and the same issue. Further, there has been no change in the facts or the legal principles involved in our previous decision. At trial, counsel for respondent *264 asked petitioner Everett Bolton whether the instant case involved the "Same piece of property, same transaction, and you and your wife, Zona Bolton, were the same parties in that previous case" to which petitioner answered "Same property, and the situation hasn't changed a bit." For collateral estoppel to apply, the issue in question must have been "actually and necessarily determined by a court of competent jurisdiction". . Collateral estoppel precludes a party from relitigating an issue that the same party litigated in a different action. . Once that issue has been decided in a final judgment by a court of competent jurisdiction, that issue cannot be relitigated in a subsequent suit between the same parties. , affd. . The following conditions must be met for collateral estoppel to apply: First, the matter at issue in the second suit must be identical with the one decided in the first suit. . *265 Second, there must be a final judgment rendered by a court of competent jurisdiction. . Third, the parties to the second suit must be the same as the parties to the first judgment or in privity with them. . Fourth, the parties must have actually litigated the matters at issue and the resolution of those matters must have been essential to the prior decision. . Finally, the controlling facts and legal principles must remain unchanged. ; Accordingly, we find that respondent has met her burden and hold that petitioners are collaterally estopped from relitigating this issue. Respondent's determination that petitioners must use the installment method is sustained. Section 86(b)(1) provides that gross income shall include Social Security benefits in an amount equal to one-half of the amount over $ 32,000 for joint returns. Because of the increase to petitioners' taxable income for the taxable year *266 1987, petitioners were required to include in income Social Security benefits of $ 3,441. They do not dispute this adjustment. Decision will be entered for respondent.